United States District Court
Southern District of Texas
**ENTERED**
January 12, 2016
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KASSIM BIMBOLA LAWAL, | § | |
| (# A079-430-170) | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-15-1444 |
| | § | |
| LORETTA E. LYNCH, *et. al.*, | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM AND OPINION GRANTING MOTION TO DISMISS**

The petitioner, Kassim Bimbola Lawal, is in the custody of the Department of Homeland Security/United States Immigration and Customs Enforcement (ICE), detained at the Federal Detention Center in Houston, Texas. Lawal seeks a writ of habeas corpus under 28 U.S.C. § 2241 ordering his release. He alleges that his detention is unlawful because he has been in post-removal-order custody for longer than six months, and because he is eligible for asylum and withholding of removal under the Convention Against Torture, 8 U.S.C. § 1231; 8 C.F.R. § 208.16.

The respondents, Loretta E. Lynch, the United States Attorney General; John T. Morton, Director of Department of Homeland Security; Steven Boll, ICE District Director; and Carl Lenoir, ICE Supervisor, have moved to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction and under Rule 12(b)(6) for failure to state a claim on which relief can be granted. (Docket Entry No. 12). Lawal has responded and moved for summary judgment , a preliminary injunction suspending his deportation and ordering him released. (Docket Entries No. 13, 15, 16, 18, 19, 20). The respondents have filed a reply opposing this relief. (Docket Entry No. 17).

Based on a careful review of the motions and responses, the pleadings, the record, and the

applicable law, the court denies Lawal's petition for habeas relief, for summary judgment, and for a preliminary injunction; grants the motion to dismiss; and, by separate order, dismisses this case. The reasons for these rulings are explained below.

## I. **Background**

Lawal is a native and citizen of Nigeria. He asserts that he came to this country through Miami in January 2002. In April 2005, his I-130 application to remain in the United States as an alien relative was denied. He was granted a voluntary return to Mexico in February 2010, after again filing and then withdrawing his application to remain.

In September 2011, the BIA denied Lawal's appeal from the denial of his I-130 application. Shortly before that, in August 2011, Lawal pleaded guilty in Texas state court to a felony indictment charging theft of an amount between $20,000 to $100,000. Lawal received a 10-year sentence. His renewed I-130 application was denied early in 2012.

In January 2015, Lawal was released from state custody, taken into ICE custody and issued a final removal order under 8 U.S.C. § 1231. ICE also issued Lawal a Notice of Custody Review, a Warning for Failure to Depart, and an instruction sheet setting out his obligation to cooperate with ICE in getting the documents needed to effectuate his removal. *See* 8 U.S.C. §§ 1231(a)(1)(C), 1253(a). In April 2015, ICE issued a Decision to Continue Detention based on Lawal's criminal history, the risk that he would flee if released, and his failure to cooperate. Lawal's request for supervised probation was also denied.

On April 23, 2015, after approximately three months of ICE detention, Lawal filed this § 2241 petition, alleging that he was entitled to release because his detention would exceed the six-month presumptively reasonable period set by *Zadvydas v. Davis*, 533 U.S. 678 (2001), violating

his due process rights. In June 2015, two months later, Lawal applied for asylum and withholding of removal, based on an asserted fear that if he returned to Nigeria, he would be persecuted or tortured. A little over a month after that, an immigration judge found that Lawal had failed to show a reasonable fear, denied the asylum application, and returned the case to ICE to effectuate Lawal's removal.

In October 2015, Lawal was issued another Notice of Failure to Comply with the requirement that he cooperate with ICE in obtaining the necessary travel documents from the Nigerian Consulate. *See* 8 U.S.C. §§ 1231(a)(1)(C), 1253(a). The Notice stated that during an interview with the Consulate, Lawal had not only made it clear that he did not want to return to Nigeria, but had also "renounced [his] Nigerian citizenship." (Docket Entry No. 17, Ex. C).

In August 2015, the respondents moved to dismiss this § 2241 petition. (Docket Entry No. 12). Lawal responded and sought summary judgment and a preliminary injunction requiring his release, both because of the length of detention and because of the prospect of persecution and torture if he was removed to Nigeria. Lawal filed additional materials in support of his requested relief in October, November, and December 2015. (Docket Entries No. 13, 15, 16, 18, 19, 20). The respondents replied to Lawal's filings. (Docket Entry No. 17).

The issues raised by the parties' motions are analyzed below.

## II. The Applicable Legal Standards

### A. The Respondents' Motions to Dismiss

To the extent Lawal is seeking release from ICE detention following the entry of a final order of removal asserting that his detention is unreasonable and outside constitutional or statutory authorization, this court has jurisdiction under 28 U.S.C. § 2241, and the respondents move to

dismiss under Rule 12(b)(6) for failure to state a claim. 8 U.S.C § 1226(c); *Spencer v. Kenna*, 523 U.S. 1 (1998); *Zadvydas v. Davis*, 533 U.S. at 678. To the extent Lawal asserts that this court should review the Attorney General's asylum determinations under 8 U.S.C. § 1158(a)(3) and §1158(2)(A)–(E), the respondents move under Rule 12(b)(1) to dismiss for lack of subject-matter jurisdiction.

### 1. The Standard under Rule 12(b)(6)

A pleading is deficient and may be dismissed under Rule 12(b)(6) if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford

plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

In considering a Rule 12(b)(6) motion to dismiss, a court limits itself to the contents of the pleadings, with an exception. In *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000), the Fifth Circuit approved the district court's consideration of documents the defendant attached to a motion to dismiss. The Fifth Circuit made it clear that "such consideration is limited to documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins*, 224 F.3d at 498–99).

When "matters outside the pleadings" are submitted in support of or in opposition to a Rule 12(b)(6) motion to dismiss, Rule 12(b)(b) grants courts discretion to accept and consider those materials, but does not require them to do so. *See Prager v. LaFaver*, 180 F.3d 1185, 1188–89 (10th Cir. 1999); *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988) (quoting 5C WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366). A court exercises this discretion by determining whether the proffered material, and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure, is likely to facilitate disposing of the action. *Isquith*, 847 F.2d at 193 n.3.

If the court decides to consider such extraneous material, then the court must treat the Rule 12(b)(6) motion as a motion for summary judgment under Rule 56. FED. R. CIV. P. 12(d). If the court refuses to consider those materials outside the pleadings, then the Rule 12(b)(6) motion remains intact and may be decided on its merits under the appropriate standard of review.

**2. The Standard under Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction. "A case is properly dismissed, for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Masidon*, 143 F.3d 1006, 1010 (5th Cir. 1998). "Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

The plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). When examining a factual challenge to subject-matter jurisdiction under Rule 12(b)(1), which does not implicate the merits of plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997); *see also Clark*, 798 F.2d at 741. When a party challenges the allegations supporting subject-matter jurisdiction, the court has wide discretion to allow affidavits or other documents and to hold a limited evidentiary hearing to resolve disputed jurisdictional facts. The court may consider matters outside the pleadings, to resolve factual challenges to subject-matter

jurisdiction, without converting the motion to dismiss to one for summary judgment. *See Garcia*, 104 F.3d at 1261.

### B. Lawal's Motions

Lawal has moved for a preliminary injunction to require his release. (Docket Entry No. 16). He has also filed a "summary judgment affidavit." (Docket Entry No. 15).

#### 1. The Standard for a Preliminary Injunction

A preliminary injunction is an "extraordinary remedy." *Texans for Free Enter. v. Tex. Ethics Comm'n*, 732 F.3d 535, 536 (5th Cir. 2013). A court may grant an application for a preliminary injunction "only if the movant establishes (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Id.* at 536–37 (quoting *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009)).

#### 2. The Standard for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." FED. R. CIV. PROC. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . ." FED. R. CIV. PROC. 56(c)(1)(A). "[T]he plain language of Rule 56[] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact." *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012) (citing *Celotex*, 477 U.S. at 323). If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine dispute of material fact, it does not need to negate the elements of the nonmovant's case. *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010).

"A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response." *Duffie*, 600 F.3d at 371 (internal quotation marks omitted).

"When the moving party has met its Rule 56[] burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Id.* The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Id*. (internal quotation marks omitted). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)). "In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party." *Duffie*, 600 F.3d at 371.

## IV. Analysis

### A. The Respondents' 12(b)(6) Motion to Dismiss for Failure to State a Claim

In *Zadvydas v. Davis*, the Supreme Court held that under § 1231(a)(6), the Secretary may detain inadmissible aliens beyond 90 days, but a removable alien cannot be held indefinitely. "[O]nce removal is no longer reasonably foreseeable, continued detention is not authorized by the statute." 533 U.S. at 699. Instead, detention is authorized only for so long as is reasonably necessary to achieve removal, and six months is a presumptively reasonable period to effectuate removal. *Id.* at 702. The Supreme Court has clarified that the presumptive six-month limit applies not only to an alien ordered removed because he is inadmissible, but also to an alien who is removable under §§1227(a)(1)(C), 1227(a)(2), or 1227(a)(4), or who the Attorney General has found to be a risk to the community or unlikely to comply with the removal order. *Clark v. Martinez*, 543 U.S. 371 (2005) (*Zadvydas* applies to aliens in the first category of § 1231(a)(6), but the presumptive six-month reasonable-removal period applies to all categories of aliens the statute covers).

The respondents argue that Lawal prematurely filed this § 2241 petition. Lawal was placed in ICE detention on January 6, 2015, but he filed this § 2241 petition on April 23, 2015, before he had been in post-removal-order custody beyond either the statutory 90-day or the six-month presumptively valid removal period. The respondents seek dismissal on that basis. The case law supports their argument. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 and n. 3 (11th Cir. 2002) (the six-month period after the removal order must have expired when the § 2241 petition was filed to state a claim under *Zadvydas*).

Of course, the six-month period has now expired, without removal and with continued detention. Lawal filed his motion for a preliminary injunction to require his release after the six-

month period ended. If, as the respondents contend, the record shows that Lawal's own intentional conduct caused the delay in his removal, that can toll or extend the six-month presumptively valid detention period. *Balogun v. INS*, 9 F.3d 347, 351 (5th Cir. 1993) ("No court that has considered the issue has held that the INS must release a deportable alien from detention if the alien engages in conduct which prolongs his detention beyond the six-month period. [Courts have held] that the Attorney General has six "unhampered" months from the date of the final deportation order during which it may detain an alien. The six-month period is tolled if the alien "hampers" his deportation by, for example, initiating litigation regarding the validity of the deportation order." (citations omitted)); *Benn v. ICE*, 82 F. App'x 139, 140 (5th Cir. 2003) (per curiam) ("[Petitioner's] incomplete and conflicting statements to the INS hampered the INS's ability to effectuate removal and served to extend the removal period").

In *Balogun*, the petitioner allegedly intentionally prevented the INS from obtaining his travel documents. He did so not by filing litigation challenging the removal, as Lawal has done, but instead by refusing to cooperate with the Nigerian Embassy and instead telling officials that he did not want to be removed. *Id.* at 349 n. 2. Balogun could not be deported because the Embassy refused to issue the necessary travel documents, allegedly based on his refusal to cooperate in obtaining them. The Fifth Circuit emphasized that the six-month removal period is tolled if the alien hampers his removal. *Id.* at 351. That tolling continues until he cooperates with ICE in effectuating removal or his obstruction no longer prevents it. *Id.*

Lawal has filed litigation challenging the validity of his removal, including the § 2241 habeas petition and asylum petition. Cases in other circuits that have considered the question recognize equitable tolling to extend the six-month period to detain an alien who has been ordered removed

and who files litigation challenging the validity of the removal order. *See Welch v. Ashcroft*, 293 F.3d 213, 227 (4th Cir. 2002), *abrogated on other grounds by Demore v. Kim*, 538 U.S. 510 (2003) ("Long pretrial detentions are generally upheld only where the detainee's own aggressive procedural tactics are the chief cause of the delay."); *Doherty v. Thornburgh*, 943 F.2d 204, 211-12 (2d Cir. 1991); *Bartholomeu v. District Director, INS*, 487 F. Supp. 315, 319-20 (D. Md. 1980). The facts of Lawal's litigation and the resulting delay in effectuating removal are matters that this court can appropriately consider on a motion to dismiss. *See Welch*, 293 F.3d at 227; *Doherty*, 943 F.2d at 211-12; *Bartholomeu*, 487 F. Supp. at 319-20. The litigation Lawal has filed has prolonged his detention and delayed his removal, equitably tolling the six-month detention period.

The respondents also emphasize Lawal's alleged statement to the Nigerian Consulate that he did not want to be removed, similar to Balogun's statement to the Nigerian Embassy. Indeed, Lawal allegedly went a step further and told the Consulate that he had renounced his Nigerian citizenship. (Docket Entry No. 17, Ex. C). Lawal does not dispute making this statement, but he denies that he did so after he had been ordered removed. Instead, he submits evidence showing that he renounced his Nigerian citizenship earlier because he feared that he would be persecuted and tortured if returned to Nigeria. Because the respondents have moved to dismiss, not for summary judgment, the court cannot properly consider this allegation and response without converting the motion to one for summary judgment. *See Balogun*, 9 F.3d at 352 (district court's dismissal of habeas petition amounted to a sua sponte motion for summary judgment because it "dispos[ed] of a party's claim by reference to evidence from outside of the pleadings."). It is not necessary to consider this evidence or convert the respondents' motion to one for summary judgment. This evidence is not necessary to find that Lawal's litigation challenging the validity of the removal order

has frustrated and delayed his removal, tolling the six-month detention period presumptively valid under *Zadvydas*. And the evidence can properly be considered to the extent it bears on Lawal's own requests for summary judgment and for a preliminary injunction.

A related ground also supports dismissing Lawal's § 2241 petition. He has failed to state a *prima facie* claim for relief under *Zadvydas* because he has not alleged facts that, if proven, would show "no significant likelihood of removal in the reasonably foreseeable future." 8 C.F.R. § 241.13(d); *Zadvydas*, 533 U.S. at 801; *Akinwale*, 287 F.3d at 1052. Instead, the allegations and the information properly considered under Rule 12(b)(6) show that Lawal will likely be removed once the litigation he has filed is resolved. *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) (extending detention period when the petitioner failed to show "no significant likelihood of removal in the reasonably foreseeable future"); *Adefemi v. Gonzales*, 228 F. App'x 415, 416 (5th Cir. 2007) (per curiam) (same).

The motion to dismiss under Rule 12(b)(6) is granted. Leave to amend is not granted because the allegations and the grounds for dismissal show that it would be futile.

**B. The Respondents' Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

The respondents move to dismiss under Rule 12(b)(1) to the extent Lawal challenges the validity of the orders denying his asylum application and finding him ineligible for the withholding of removal. The immigration judge found that Lawal had failed to establish a reasonable fear of persecution or torture if he was returned to Nigeria. (Docket Entry No. 17, Ex. B). Lawal's testimony about mistreatment in Nigeria was "riddled with omissions and inconsistencies . . . and not credible." (*Id*. at pp. 4, 5). In his written opinion, the immigration judge also emphasized that Lawal's last criminal conviction made him ineligible for the withholding of removal. The

immigration judge explained that:

> The INA and its accompanying regulations render an alien ineligible for withholding of removal under the Act, and withholding of removal pursuant to the Convention Against Torture if the alien has been convicted by a final judgment of a serious crime. *See* INA § 241(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2). By statute, 'an alien who has been convicted of an aggravated felony (or felonies) for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years shall be considered to have committed a particularly serious crime.' INA§ 241(b)(3)(B). The INA lists several crimes which are aggravated felonies, including 'a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment is at least one year.' INA § 101(a)(43)(G).

. . .

> On August 2, 2011, [Lawal] was convicted in 337th District Court in Harris County, TX for the offense of theft by a government contractor, more than $20,000 but less than $100,000, in violation of Texas law. He was sentenced to ten years in prison. [Lawal's] conviction is an aggravated felony under § 101(a)(43)(G) of the Act because it is a theft offense and he received a term of imprisonment of at least one year. *See United States v. Rodriguez-Salazar*, 768 F. 3d 437 (5th Cir. 2014). In turn, because he was sentenced to at least five years of imprisonment, [Lawal's] conviction is per se a particularly serious crime. INA§ 241(b)(3)(B). Thus, [Lawal] is ineligible for withholding of removal under the Act and the Convention Against Torture. INA § 241(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2). He is only eligible for deferral of removal under CAT. 8 C.F.R. § 1208.17.

(*Id*. at 3).

The respondents argue that the court lacks jurisdiction to review the immigration judge's and agency's determinations that he had been convicted of an aggravated felony that was a "particularly serious crime." To the extent Lawal asserts factual issues material to determining whether he had established a reasonable fear of persecution or torture if he was returned to Nigeria, this court lacks subject-matter jurisdiction to review the denials of Lawal's requests for asylum, withholding, and release from detention. *See Sealed Petitioner v. Sealed Respondent*, 567 Fed. App'x 231, 234 (5th

Cir. 2014) ("'No court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed' certain felonies, including aggravated felonies. 8 U.S.C. § 1252(a)(2)(C). But this court has jurisdiction to consider legal and constitutional questions raised in a petition for review."); *Solorzano-Moreno v. Mukasey*, 296 Fed. App'x. 391, 393 (5th Cir. 2008) (no subject-matter jurisdiction to review the BIA's denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture because the court lacked jurisdiction to review the Attorney General's finding that the petitioner's crime was "particularly serious" under § 1231(b)(3)(B)(ii)).

The *Solorzano* court noted a circuit split as to whether § 1252(a)(2)(B) precluded judicial review of the immigration judge's finding under § 1231(b)(3) that the petitioner's crime was "particularly serious." The split turns on whether the determination that an alien has been convicted of a "particularly serious" crime is a matter of "discretion" within § 1252(a)(2)(B) or a question of law. The Seventh, Ninth, and Tenth Circuits held that § 1252(a)(2)(B) deprives the court of jurisdiction over the determination of whether a crime is "particularly serious." *See Ali v. Achim*, 468 F.3d 462, 470 (7th Cir. 2006); *Villegas v. Mukasey*, 523 F.3d 984, 987 (9th Cir. 2008); *N-A-M v. Holder*, 587 F.3d 1052, 1056 n.2 (10th Cir. 2009). The Second and Third Circuits hold that the court has jurisdiction to review whether a crime is "particularly serious." *See Alaka v. Attorney Gen.*, 456 F.3d 88, 95 (3d Cir. 2006); *Nethagani v. Mukasey*, 532 F.3d 150, 155 (2d Cir. 2008). The Fifth Circuit has not issued a published opinion on this issue, but held in an unpublished opinion that courts do not have jurisdiction to review the determination. *See Razaq v. Gonzales*, 242 F. App'x 181, 182 (5th Cir. 2007) (per curiam). Given the Fifth Circuit guidance and absence of a constitutional claim or question of law, the court lacks jurisdiction to review Lawal's challenges to

the validity of the removal order. These claims are dismissed.

### C. Lawal's Motions for Preliminary Injunction and for Summary Judgment

For the same reasons that the respondents are entitled to the dismissal of Lawal's petition, he has not met the requirements for a preliminary injunction compelling his release from detention or the suspension of his removal. Nor is he entitled to summary judgment. His motions are denied.

## III. Conclusion

The respondents' motions to dismiss are granted. Lawal's motions for a preliminary injunction and for summary judgment are denied. Lawal's § 2241 petition is denied and an order of dismissal is separately entered.

SIGNED on January 12, 2016, at Houston, Texas.

Lee H. Rosenthal
United States District Judge